IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA PETERSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-03417-RWS |
| HVM L.L.C., *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

On January 24, 2014, Magistrate Judge Gerrilyn G. Brill entered an Order [9] permitting Plaintiff to proceed *in forma pauperis* in this action. The case was then referred to the undersigned for a frivolity determination. After reviewing the record, the Court enters the following order.

**Background**

Plaintiff Andrea Peterson filed this action on October 16, 2013, against Defendants HVM L.L.C., Extended Stay America ("ESA"), Centerbrige Partners LP, Paulson & Company, and Blackstone Real Estate Partners VI, seeking damages and injunctive relief related to Defendants' alleged breach of a Long-Term Lodging Agreement ("Agreement"). Plaintiff has also filed a

Motion for In Forma Pauperis Status [2][1]; Application for Temporary Restraining Order, Motion for Preliminary Injunction, and Expedited Hearing on the Merits [3]; Motion for ECF Filing [4]; and Motion for Hearing Date [5].

Plaintiff alleges that in February 2009, she entered into the Agreement to stay in a room at one of Defendants' extended-stay hotels in Secaucus, New Jersey. (Compl., Dkt. [10] ¶ 6.) The Agreement did not create a landlord–tenant relationship. (Id. ¶ 3.) According to Plaintiff, she was required to pay a lodging fee of $900 per month for her room, which she paid each month. (Id. ¶¶ 2, 5.) In September 2012, Plaintiff alleges that Defendants falsely claimed that she owed them money in an effort to obtain a warrant of removal from the Superior Court of Hudson County, New Jersey. (Id. ¶¶ 9-11.) In their complaint, Defendants alleged that she owed them $30 per day for the hotel room and had fallen behind on payments. (Id. ¶¶ 9, 15.) Because the legal relationship between Plaintiff and Defendants was that of hotel manager and guest, however, the Hudson County Landlord–Tenant Court later dismissed the warrant of removal for lack of jurisdiction. (Id. ¶ 21.) On October 3, 2012,

---

[1] Because Plaintiff's application to proceed *in forma pauperis* has been granted, Plaintiff's Motion for In Forma Pauperis Status [2] is **DENIED as moot**.

Defendants informed Plaintiff that she was no longer welcome at the hotel and then locked her out later that day. (Id. ¶¶ 23-26.)

Plaintiff sought injunctive relief in New Jersey state court, stating that she had fully performed the terms of the Agreement and had paid her monthly rent. (Id. ¶ 34.) At an October 19, 2012 hearing, the judge denied injunctive relief because there were material facts in controversy, and he stated that the court could not process her complaint with the post office box mailing address on her paperwork. (Id. ¶¶ 35-37.) The judge ordered Defendants to file an answer, so Plaintiff moved for entry of default in December 2012 after they apparently failed to do so. (Id. ¶ 39.) It is not entirely clear how the case unfolded in the following months, but Plaintiff alleges that on May 2, 2013, the Superior Court of Hudson County dismissed her case without prejudice. (Id. ¶ 54.)

As a result of Defendants' acts, Plaintiff states that her equal protection rights were violated and that she has suffered significant financial hardship. (Id. ¶¶ 46-57.) Plaintiff, now a resident of Georgia, filed this action on the basis of federal question and diversity jurisdiction for her constitutional and state-law contract claims. The Court next determines whether, based on the above

3

AO 72A
(Rev.8/82)

allegations, she has stated any arguable claims.

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).  Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).  "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements

4

of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Because Plaintiff is proceeding *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

Before evaluating the merits of Plaintiff's claims, the Court first inquires into whether it has personal jurisdiction over Defendants. A federal court properly may exercise personal jurisdiction over out-of-state defendants "only if two requirements are met: (1) the state long-arm statute, and (2) the Due Process Clause of the Fourteenth Amendment." Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999). Thus, the Court uses a "two-step inquiry in determining whether the exercise of personal jurisdiction over a non-resident defendant is proper." Internet Solutions Corp. v. Marshall, 557 F.3d 1293, 1295 (11th Cir. 2009). First, courts must consider whether the exercise of personal jurisdiction of the defendant would comport with Georgia's long-arm

statute.  Id.  If so, courts then consider whether the defendant has sufficient minimum contacts with the state such that the exercise of jurisdiction would not offend due process notions of "fair play and substantial justice."  Id. (citation omitted).  Finally, " '[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient *facts* to make out a prima facie case of jurisdiction.' " Scutieri v. Chambers, 386 F. App'x 951, 956 (11th Cir. 2010) (emphasis in original) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)).

> Under the relevant portion of the Georgia long-arm statute,
>
> A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action *arising from any of the acts . . . enumerated in this Code section*, in the same manner as if he or she were a resident of this state, if in person or though an agent, he or she:
>
> (1)   Transacts any business within this state . . . .

O.C.G.A. § 9-10-91 (emphasis added).

Out of all Defendants listed in Plaintiff's Complaint, only HVM and ESA

6

are alleged to have contacts in Georgia.[2]  Plaintiff states that "HVM/ESA maintains and operates over twenty (20) hotels, in the State of Georgia and maintains a Registered Agent in this District."  (Compl., Dkt. [10] at 9.)  Plaintiff thus appears to allege that HVM and ESA are subject to personal jurisdiction here because they transact business in Georgia within the meaning of the Georgia long-arm statute.

The Court may only exercise personal jurisdiction under the "transacting business prong" of the long-arm statute if "(1) the nonresident defendant has purposefully done some act or consummated some transaction in [Georgia], (2) *the cause of action arises from or is connected with such act or transaction*, and (3) the exercise of jurisdiction . . . does not offend traditional fairness and substantial justice."  Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006) (emphasis added).  Although Defendants certainly do transact business in Georgia by operating hotels in this state, Plaintiff does not allege

---

[2] Defendants Centerbridge Partners LP, Paulson & Company, and Blackstone Real Estate Partners VI all appear to be citizens of New York and Delaware with no alleged contacts with Georgia.  (See Compl., Dkt. [10] at 7-9.)  Moreover, it is unclear what alleged wrongs these hedge funds and private-equity firms committed against Plaintiff.  In short, the Court has no personal jurisdiction over these Defendants in this action.

7

that her breach of contract claim arose from Defendants' activities here, as required under the statute. See Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc., 593 F.3d 1249, 1267 (11th Cir. 2010) (explaining that "there must be a sufficient nexus between those contacts [in the forum state] and the litigation" for personal jurisdiction to be proper). In fact, all alleged wrongdoing took place in New Jersey. As such, the exercise of personal jurisdiction over Defendants is plainly not authorized under the Georgia long-arm statute.

The Eleventh Circuit makes clear that when a district court lacks personal jurisdiction, it may not evaluate the merits of a case. See Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1250 (11th Cir. 2000) (personal jurisdiction analysis does not require a determination on the merits); Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 940 (11th Cir. 1997) ("As a general rule, courts should address issues relating to jurisdiction before addressing the merits of a plaintiff's claim."). Rather than automatically dismissing a case for lack of personal jurisdiction, however, the courts have discretion to transfer a case to a district that does have personal jurisdiction over the nonresident defendants. Under 28 U.S.C. § 1406(a), when a case is filed in

8

the wrong district, a district court may transfer the case to another district if the case could have originally been brought there. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought.") "This power exists even when the transferor court lacks personal jurisdiction over the defendant." Howell v. Komori Am. Corp., 816 F. Supp. 1547, 1552 (N.D. Ga. 1993).

It appears that all Defendants would be subject to personal jurisdiction there because they are all either New Jersey companies or operate in New Jersey. Moreover, all the events giving rise to Plaintiff's cause of action took place in New Jersey, and New Jersey law would apply to Plaintiff's breach of contract claim. Finally, it is in the interest of justice to transfer the case rather than dismiss it because it will save Plaintiff time and expense in refiling the case in New Jersey and reapplying to proceed *in forma pauperis*. Therefore, instead of dismissing Plaintiff's action, the Court will transfer Plaintiff's entire case to the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

## Conclusion

For the foregoing reasons, Plaintiff's Motion for In Forma Pauperis Status [2] is **DENIED as moot**. The Clerk is **DIRECTED TO TRANSFER** the entire case to the U.S. District Court for the District of New Jersey.

**SO ORDERED**, this  21st   day of February, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE